IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TERRY JOHNS and GINNY SMITH, | CIVIL NO. 11-00634 SOM-RLP |
| Plaintiffs, | ORDER DENYING THIRD-PARTY DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| vs. | |
| SHEILA L. WRIGHT-SCOTT; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; and DOE ENTITIES 1-10, | |
| Defendants, | |
| SHEILA L. WRIGHT-SCOTT, | |
| Third-Party Plaintiff, | |
| vs. | |
| HALI STRANDLUND; DOES 1-10, | |
| Third-Party Defendants. | |

**ORDER DENYING THIRD-PARTY DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**I.      INTRODUCTION.**

This is a personal injury action. While staying with six others at a vacation rental in Kona, Hawaii, Plaintiffs Terry Johns and Ginny Smith fell six feet onto lava rocks when a fence they were allegedly leaning on broke. Plaintiffs filed this action against the owner of the home, Shelia L. Wright-Scott. Wright-Scott then filed a third-party complaint against the renter who signed the vacation rental agreement, Hali Strandlund,

seeking indemnity and contribution, and asserting a breach of contract claim. Strandlund now seeks summary judgment as to all causes of action in the Third-Party Complaint. The court denies the motion.

**II.      FACTUAL BACKGROUND.**

Plaintiffs and Strandlund were among a group of eight individuals from Canada who rented a vacation home in Kona, Hawaii. Separate and Concise Statement of Facts in Supp. of Third-Party Def. Hali Strandlund's Mot. for Summ. J. ("Strandlund Facts") No. 1, ECF No. 23. Strandlund found the home on a website that advertises vacation rentals and signed a lease agreement on September 22, 2010. Id. No. 2. The lease term was from February 5, 2011, to February 12, 2011. Id. No. 5.

On the evening of February 8, 2011, after consuming alcohol at the home, Plaintiffs went outside and allegedly leaned against a fence. Id. Nos. 10, 11; Def. Third-Party Pl. Separate and Concise Statement of Facts in Opp. to Strandlund's Facts ("Wright-Scott's Facts") No. 11, ECF No. 31. The fence appears to have been a wooden fence with panels. One of the panels broke, and Plaintiffs say they fell approximately six feet onto lava rocks below the home. Strandlund's Facts No. 11; Wright-Scotts's Facts No. 11. The fall allegedly caused severe injuries. Strandlund's Facts No. 13. Plaintiffs were taken to a

hospital on the Big Island.  Id.  Johns was then transported by plane to a hospital in Honolulu.  Id.

Plaintiffs filed this action against Wright-Scott seeking recovery for their injuries.  Wright-Scott then filed a third-party complaint against Strandlund.  Wright-Scott seeks indemnity and contribution to the extent she is found liable for Plaintiffs' injuries and also asserts a breach of contract claim.  Strandlund now seeks summary judgment on all claims in the Third-Party Complaint.

**III.    SUMMARY JUDGMENT STANDARD.**

Summary judgment shall be granted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A moving party has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment.  Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1102 (9th Cir. 2000).

The burden initially falls on the moving party to identify for the court "the portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact."  T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (citing Celotex Corp. Catrett, 477 U.S. 317, 323 (1986)); accord Miller v. Glenn Miller Prods., Inc., 454 F.3d 975, 987 (9th Cir. 2006).  "A fact is

3

material if it could affect the outcome of the suit under the governing substantive law." Miller, 454 F.3d at 987. When the moving party bears the burden of proof at trial, that party must satisfy its burden with respect to the motion for summary judgment by coming forward with affirmative evidence that would entitle it to a directed verdict if the evidence were uncontroverted at trial. Id. (quoting C.A.R. Transp. Brokerage Co., Inc. v. Darden Rest., Inc., 213 F.3d 474, 480 (9th Cir. 2000)). When the nonmoving party bears the burden of proof on one or more issues at trial, the party moving for summary judgment may satisfy its burden with respect to those issues by pointing out to the court an absence of evidence from the nonmoving party. Miller, 454 F.3d at 987.

When the moving party meets its initial burden on a summary judgment motion, "[t]he burden then shifts to the nonmoving party to establish, beyond the pleadings, that there is a genuine issue for trial." Id. The court must not weigh the evidence or determine the truth of the matter but only determine whether there is a genuine issue for trial. See Balint v. Carson City, Nev., 180 F.3d 1047, 1054 (9th Cir. 1999). On a summary judgment motion, "the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor." Miller, 454 F.3d at 988 (brackets omitted) (quoting Hunt v. Cromartie, 526 U.S. 541, 552 (1999)).

4

**IV.  ANALYSIS.**

    **A.  Indemnity.**

The first cause of action in the Third-Party Complaint states that Strandlund owes Wright-Scott a duty to defend and indemnify her from Plaintiffs' claims.  Third-Party Compl. ("TPC") ¶ 13, ECF No. 1-2.  Strandlund seeks summary judgment on the ground that the "indemnity provision" in her lease agreement is void.  Paragraph seven of the lease agreement, the purported indemnity provision, states:  "Owner of said premises is not responsible for injury to rentors, their family or guests, or to damage to their personal property incurred during their stay.  Renters, their family and guests, bear the risk of any injury."  Decl. of Valerie E. Clemen Ex. F ¶ 6, ECF No. 23-7.

The court first notes that paragraph seven is not an indemnity provision.  Generally, "[a]n agreement to indemnify another is an agreement by one person to safeguard or hold another harmless from loss or damage as may be specified in the agreement, or in which the indemnitor promises to reimburse his or her indemnitee for loss suffered."  42 C.J.S. § 1 (West, Westlaw through 2012).  "An indemnity provision generally . . . obligates the indemnitor to protect the indemnitee against claims brought by third parties."  Id.  Paragraph seven does not obligate Strandlund to safeguard Wright-Scott against any claims

or to reimburse her for any loss. It instead attempts to waive Wright-Scott's liability.

The court agrees with Strandlund that paragraph seven is void to the extent it purports to absolve Wright-Scott of any liability for causing, through her actions or omissions, an injury on her property. Hawaii law prohibits a landlord from waiving liability for damages caused by the landlord. Section 521-33 of Hawaii Revised Statutes states:

> A provision in a rental agreement exempting or limiting the landlord, or requiring the tenant to indemnify the landlord, from liability for damages to persons or property caused by or resulting from the acts or omissions of the landlord, the landlord's agents, servants, or employees, in or about the dwelling unit covered thereby or in or about the premises of which it is a part is void.

Paragraph seven falls within the scope of section 521-33, and, as conceded by Wright-Scott at the hearing on this motion, it is unenforceable to the extent it waives Wright-Scott's liability for injuries she caused. Wright-Scott cannot rely on paragraph seven to absolve herself of all liability for Plaintiffs' injuries. It remains to be seen whether any action or omission by Wright-Scott caused any injury, a matter this court does not address here.

Even if paragraph seven is void, Strandlund fails to show that Wright-Scott has no possible basis for seeking indemnification from Strandlund, as that duty might arise from a

source other than the lease agreement.  Wright-Scott asserts that "Strandlund owes express and implied duties to defend and indemnify Wright-Scott from Plaintiffs' claims brought in this action."  TPC ¶ 13.  Although Strandlund does not identify the source of those express and implied duties, on a summary judgment motion, the burden is on the moving party to show that it is entitled to judgment as a matter of law.  Strandlund does not meet that burden.  For example, Strandlund fails to show that she does not have a duty to indemnify Wright-Scott that is implied in law.  See, e.g., Kaleel Builders, Inc. v. Ashby, 161 N.C. App. 34, 38, 587 S.E.2d 470, 474 (N.C. Ct. App. 2003) ("[A] party's rights to indemnity can rest on three bases: (1) an express contract; (2) a contract implied-in-fact; or (3) equitable concepts arising from the tort theory of indemnity, often referred to as a contract implied-in-law." (citations omitted)).  Whether Hawaii law recognizes such a duty is not a matter Strandlund establishes.  Summary judgment is denied as to Wright-Scott's indemnity claim.

    **B.    Contribution.**

Wright-Scott's second cause of action seeks contribution and asserts that, if Wright-Scott is found liable for Plaintiffs' injuries, Wright-Scott is entitled to contribution from Strandlund.  TPC ¶ 17.  It also states that Wright-Scott did not cause Plaintiffs' injuries.  Id. ¶ 18.

7

Although Strandlund's motion states that she seeks summary judgment on all claims asserted in the Third-Party Complaint, she conceded at the hearing that her motion fails to address Wright-Scott's contribution claim. The court thus denies summary judgment on Wright-Scott's contribution claim, although the court notes that, as stated above, because paragraph seven is unenforceable, Wright-Scott cannot, without more, rely on that paragraph to absolve herself of all liability for Plaintiffs' injuries.

**C.  Breach of Contract.**

Wright-Scott's third cause of action asserts that Strandlund "materially breached" her contractual obligations under the lease agreement. TPC ¶ 21. Although the cause of action itself does not identify the provisions that Strandlund allegedly breached, elsewhere the Third-Party Complaint states that Strandlund threw a "house party" at the property the night Plaintiffs were injured, "in material breach" of the lease agreement, and "failed to report problems with the premises." Id. ¶ 10.

The lease agreement states: "Absolutely no pets, fireworks, or house parties allowed." Strandlund argues that she is entitled to summary judgment on the ground that she did not throw a "house party." She argues that whether a "house party" actually occurred is a question of law. The court disagrees.

Although Strandlund's motion states that she seeks summary judgment on all claims asserted in the Third-Party Complaint, she conceded at the hearing that her motion fails to address Wright-Scott's contribution claim. The court thus denies summary judgment on Wright-Scott's contribution claim, although the court notes that, as stated above, because paragraph seven is unenforceable, Wright-Scott cannot, without more, rely on that paragraph to absolve herself of all liability for Plaintiffs' injuries.

**C.  Breach of Contract.**

Wright-Scott's third cause of action asserts that Strandlund "materially breached" her contractual obligations under the lease agreement. TPC ¶ 21. Although the cause of action itself does not identify the provisions that Strandlund allegedly breached, elsewhere the Third-Party Complaint states that Strandlund threw a "house party" at the property the night Plaintiffs were injured, "in material breach" of the lease agreement, and "failed to report problems with the premises." Id. ¶ 10.

The lease agreement states: "Absolutely no pets, fireworks, or house parties allowed." Strandlund argues that she is entitled to summary judgment on the ground that she did not throw a "house party." She argues that whether a "house party" actually occurred is a question of law. The court disagrees.

"Where the terms of a contract are ambiguous, the ambiguity raises the question of the parties' intent, which is a question of fact that will often render summary judgment inappropriate." Wittig v. Allianz, A.G., 112 Haw. 195, 201, 145 P.3d 738, 744 (Haw. Ct. App. 2006); see also Hanagami v. China Airlines, Ltd., 67 Haw. 357, 364, 688 P.2d 1139, 1145 (Haw. 1984); Bishop Trust Co. v. Central Union Church of Honolulu, 3 Haw. App. 624, 628-29, 656 P.2d 1353, 1356-57 (Haw. Ct. App. 1983). "House parties" is not defined in the agreement, and Strandlund is not persuasive in arguing that the term "house parties" is unambiguous. What one person may consider a "house party," another may consider a meeting or private dinner. See Amfac, Inc. v. Waikiki Beachcomber, Inv. Co., 74 Haw. 85, 107, 839 P.2d 10, 24 (Haw. 1992) ("Inasmuch as the term 'reasonableness' is subject to differing interpretations (i.e., is relative and not readily definable), it is inherently ambiguous." (internal quotation marks omitted)).

Strandlund maintains that she cannot be said to have been throwing a party because there were no guests present (only the eight renters), and because the lease agreement permits a maximum occupancy of ten people. Her position appears to be that a party requires outside guests in excess of the maximum capacity permitted. Wright-Scott, on the other hand, maintains that a house party can occur among several people who are temporarily

9

occupying one house.  A genuine issue of material fact exists as to whether a "house party," as understood by the parties when they entered into the lease agreement, actually occurred.

Strandlund also fails to address Wright-Scott's allegation that Strandlund breached the lease agreement by failing to report problems with the premises.  Summary judgment is not warranted with respect to Wright-Scott's breach of contract claim.

**V.    CONCLUSION.**

Strandlund's summary judgment motion is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 4, 2012.



　/s/ Susan Oki Mollway　
Susan Oki Mollway
Chief United States District Judge

Johns v. Wright-Scott; Civil No. 11-00634 SOM/RLP; ORDER DENYING THIRD-PARTY DEFENDANT'S MOTION FOR SUMMARY JUDGMENT